**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3836
_____

NICOLE LEE MOORE,
                                        Appellant

v.

CVS RX SERVICES, INC.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 4-14-cv-01318)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 19, 2016
Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Filed: September 8, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Nicole Moore appeals from an order of the United States District Court for the Middle District of Pennsylvania, which granted summary judgment to the Defendant in her disability discrimination case. We will affirm the District Court's judgment.

Moore, who was employed by CVS as a "piece picker,"[1] developed complications in her pregnancy in February 2012 and could not lift over her head or climb. She asked CVS to give her a job that would not require overhead lifting or climbing, but she was informed that CVS could not do so because her job was already a light duty job. Instead, CVS told Moore that she could go out on short-term disability. Her initial leave was approved and was extended at least five times. Moore received short-term disability payments during this first leave period.

Moore returned to work in August 2012 after her child was born, but developed post-pregnancy complications. CVS's Leave of Absence ("LoA") department approved Moore's leave for family bonding from September 24, 2012, through September 30, 2012, and extended that leave fourteen times through November 25, 2012. Moore again sought to extend her leave and LoA asked her to provide medical certification from a health care provider. Moore's nurse practitioner checked a box on the certification form indicating that Moore could fully perform her job and that she needed only intermittent leave for follow-up doctor appointments. LoA informed Moore that the certification was inconsistent with a request for continuous leave.[2] Moore provided three more

---

[1] A piece picker takes items off of warehouse shelves and places them in totes to fill store orders.

[2] Nevertheless, CVS did approve one extension until December 30, 2012. But at the same time, it sent Moore a letter indicating that she must send proper documentation or

certifications over the next two and a half months, but each one indicated that Moore could perform her job and that she needed only intermittent leave for doctor appointments.

In the meantime, around January 28, 2013, Deborah Montrose, CVS's Human Resource Manager, directed Human Resources Specialist Becky Gaffney to send Moore a termination letter, based on emails received from LoA stating that Moore's leave had expired, and based on Montrose's knowledge that Moore had not returned to work. Montrose was not aware at the time that Moore had a leave extension request pending. Montrose later learned that the termination letter was premature, but did not inform Moore of the mistake, because she knew that Moore was communicating with LoA. Moore was officially terminated on March 11, 2013, because she had failed to submit documentation supporting continuous leave.

After exhausting her administrative remedies, Moore filed a counseled complaint in the District Court, raising claims of failure to accommodate her disability, disparate treatment, and retaliation (Moore later withdrew the retaliation claim). The District Court granted CVS's motion for summary judgment and Moore filed a pro se appeal.

We have little to add to the District Court's comprehensive opinion.[3] First, we agree that summary judgment was proper on Moore's failure-to-accommodate claim, as

risk that her then-pending leave request for an extension to January14, 2013, would be denied.

[3] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's order granting summary judgment de novo and review the facts in the light most favorable to the nonmoving party. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d

Moore did not establish a prima facie case for such a claim. See Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 761, 768 (3d Cir. 2004) (prima facie case includes showing that: (1) plaintiff was disabled within meaning of statute; (2) plaintiff was a "qualified individual"; and (3) the employer knew plaintiff needed reasonable accommodation and failed to provide it). Moore failed to establish the second and third requirements. She did not point to record evidence establishing a genuine issue regarding whether she was entitled to protection as a "qualified individual" under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. A "qualified individual" is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). At the time of her first leave of absence, Moore could not lift over her head or climb. She testified in her deposition that there were no products that she could have picked without lifting, bending, or climbing. As she could not perform the essential functions of her job, she was not a "qualified individual." And even if she were entitled to the protections of the ADA, she did not establish the third requirement. CVS provided her with a reasonable accommodation by allowing her six months of paid leave.

As to Moore's second leave period, once again she did not establish that she could have done the job with reasonable accommodation. She posited that she could have returned to work as a piece picker if CVS had isolated her from contact with other workers. But whether she could have done the job is speculative, given her testimony

Cir. 2011). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

4

that she could not think clearly at the time.  Further, Moore did not meet her burden of making a facial showing that isolation was possible; we doubt that it would have been, given the nature of the work.  See Gaul v. Lucent Techs., Inc., 134 F.3d 576, 580-81 (3d Cir. 1998) (employee must make facial showing that proposed accommodation is possible; costs associated with proposal cannot be clearly disproportionate to benefits produced).  And once again, CVS did in fact accommodate Moore by providing her with leave (albeit unpaid), followed by numerous extensions.  CVS discontinued that accommodation only when Moore could not provide certification from her health care provider to support continuous leave.

We also agree that summary judgment was proper as to the disparate treatment claim.  In order to survive summary judgment, Moore was required to establish a prima facie case of discrimination:  (1) she had a disability; (2) she was otherwise qualified to perform her job with or without accommodation; and (3) she suffered an adverse action because of her disability.  Turner v. Hershey Chocolate USA, 440 F.3d 604, 611 (3d Cir. 2006).  As discussed above, Moore did not establish that she was able to perform the essential tasks of her job with accommodation.  But even if she met that requirement, she did not show that she suffered an adverse action because of her disability.

As to the first leave period, Moore complains that she was given paid leave rather than being placed in a different position.  Paid leave can hardly constitute an adverse employment action.  As to her second leave period, Moore argues that the premature termination letter was an adverse employment action.  But Moore did not establish that

5

she was harmed by that letter.  Instead of relying on that letter, she continued to speak with LoA about extending her leave.  Finally, CVS argues that Moore cannot argue that her final termination was an adverse action, because she did not so argue in the District Court.  See, e.g., In re Reliant Energy Channelview LP, 594 F.3d 200, 209 (3d Cir. 2010) (plaintiff may not assert new claims for the first time on appeal).  But even if we were to consider that argument, we would find it without merit.  Moore was terminated because she could not establish that she was eligible for continuous leave.  At the time of her termination, her medical provider stated that she could perform her job.  Thus, her termination was not "because of" her disability.

For the foregoing reasons, we will affirm the District Court's judgment.[4]

---

[4] CVS filed a motion for leave to file certain documents under seal that reveal Moore's medical information.  The District Court granted a similar motion below.  We have recognized the important privacy interest in one's medical records.  Doe v. Delie, 257 F.3d 309, 315 (3d Cir. 2001).  The right to privacy is a consideration in the balancing process that courts conduct in deciding whether to file a document under seal.  Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786-87 (3d Cir. 1994).  In light of the District Court's treatment of the medical information and because in this instance, the right to privacy outweighs the public's right of access to materials filed in litigation, we grant CVS's motion for leave to file those records under seal.